IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:05-CR-0139-L-01 |
| | § | |
| EDWARD EUGENE CADE, # 33494-177 | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for findings and recommendation regarding whether Defendant's untimely notice of appeal was due to excusable neglect.[1] (Doc. 96). Defendant's motion for leave to proceed *in forma pauperis* on appeal was also referred for determination. (Doc. 95). For the reasons that follow, the Court finds that Defendant's notice of appeal was timely filed and, even if it was not, that Defendant should be granted an extension of time to appeal. The motion to proceed *in forma pauperis* should be denied.

BACKGROUND

On January 9, 2012, the Court denied Defendant Edward Eugene Cade's motion to reduce sentence. (Doc. 90.) On January 26, 2012, the Clerk of the Court received and filed Defendant's notice of appeal, which was dated January 19, 2012. (Doc. 92.) Thereafter, on May 9, 2012, the United States Court of Appeals for the Fifth Circuit remanded the case for determination of whether Defendant timely filed a notice of appeal on or before January 23,

---

[1] Although the District Judge's Order of Referral specifically directs only findings and a recommendation regarding the issue of excusable neglect, it clearly references the remand order of the Court of Appeals for the Fifth Circuit (Doc. 94) which directs the District Court to determine whether Wesley's notice of appeal was timely under the mailbox rule or, in the alternative, if late filing was due to excusable neglect. Thus, both issues are addressed here.

2012, and, in the event he did not, whether excusable neglect or good cause entitled him to an extension of time to appeal under FED. R. APP. P. 4(b)(4) . (Doc. 94.)

The Federal Correction Institution (FCI) in Big Spring, Texas, where Defendant is incarcerated, maintains a mail log only of certified mail sent by inmates. (Doc. 102 at 1-3.) Legal documents sent by inmates through first class mail are not tracked. *Id.* The certified mail log for the period January 18-26, 2012, reflects no certified mail from Defendant. *Id*. at 7-15. In response to this Court's order, however, Defendant avers that he mailed his notice of appeal by First Class Mail on January 19, 2012. (Doc. 98 at 1.) Specifically, he states that he "filed a timely 'Notice of Motion' on 19 January 2012, by placing it [in] an envelope, with First Class postage pre-paid and delivering it to the Prison Officials at FCI Big Spring mailroom." *Id.* Although granted the opportunity to do so, the Government did not file a reply to Defendant's response.

## I.   ANALYSIS

Defendant affirms placing his notice of appeal in the out-going prison mail depository on January 19, 2012. (Doc. 98 at 1.) There being no evidence to the contrary, the Court finds that Defendant could have delivered his notice of appeal to prison officials for mailing on or before January 23, 2012, the last day for filing a timely notice of appeal.

Even assuming an untimely filing, a district court may extend the time for filing a notice of appeal by thirty days if the defendant can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(b)(4). The United States Supreme Court's flexible interpretation of the excusable neglect standard controls the determination of excusable neglect

under Rule 4(b).  *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)).

In *Pioneer*, the Supreme Court considered several circumstances relevant to the excusable neglect determination, including the length of the delay and its potential impact on judicial proceedings, as well as the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.  507 U.S. at 395-96.  Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well.  *Id.*  However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  *Id.* at 392.

Defendant does not offer any reason for the delayed mailing of his notice of appeal by prison officials.  Nevertheless, by virtue of his incarceration, once Petitioner placed his notice of appeal in the out-going mail box for first class mail, the actual mailing of the notice of appeal was out of his control and in the hands of prison officials.  In light of that fact, the minimal delay involved, and the absence of prejudice, the Court finds that Defendant has demonstrated excusable neglect and that a three-day extension of time to appeal should be granted.

## II.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court find that Defendant's notice of appeal was timely or, in the alternative, grant him an extension of time to appeal under FED. R. APP. P. 4(b)(4) based on excusable neglect.

It is further recommended that Defendant's motion to proceed *in forma pauperis* (Doc. 93) be **DENIED**. Pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the undersigned recommends that the Court certify that the appeal is not taken in good faith, presents no legal points of arguable merit, and is, therefore, frivolous. In support of such finding, the Court should adopt and incorporate by reference its order filed on January 9, 2012, denying Defendant's motion for sentence reduction.

SIGNED July 18, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE